UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No. 1:16-cr-164-RLY-MJD |
| ) | |
| BRENT SWALLERS, ) | |
| ) | |
| Defendant. ) | |

**Entry Concerning Selected Matters**

**I.**

The items to be considered at the hearing on November 17, 2016 are specified in paragraphs 7 and 8 of the *Order for Proceedings on October 14, 2016.* Three such motions remain pending. These motions are the defendant's *motion to quash* filed on October 3, 2016, the defendant's *motion to dismiss* filed on September 30, 2016, and the United States' *Motion for Psychiatric Exam to Determine Defendant's Competency to Stand Trial.* Motions not addressed at the hearing or prior to the hearing will be ruled on in due.

**II.**

The *Motion Amicus Curaie Brief* [dkt 132] is **denied** because the filer is not identified and offers no basis for the purported contribution, nor why the arguments in that document cannot be adequately presented and developed by the parties.

**III.**

The *motion for emergency immediate finding of fact* [dkt 129] is **denied** because such document consists of rhetorical or quasi-rhetorical legal questions. A court does not engage in a dialogue of that nature in litigation assigned to its docket.

**IV.**

The *motion emergency immediate* [dkt 130] is **denied** because the court has already explained (in Part I of the Entry issued on October 13, 2016) that he has subject matter jurisdiction over this action and nothing in such *motion* suggests otherwise.

**V.**

The *motion for affidavit of fact* [dkt 131] is **denied** because the concerns in such *motion* related to other litigation.

### VI.

The *motion for writ of error* [dkt 128] and the *motion for writ qua coram nobis reesident* [dkt 127] are each **denied** because each misconceives the procedures for resolving any issues of fact or law in this case and because there is no basis in such materials for the relief which is sought.

### VII.

The *motion for appointment* [dkt 133] is **denied** because the authority of the undersigned in this case does not derive from any "appointment" made or offered by the parties.

### VIII.

The *motion for in camera* is the defendant's request for an *in camera* "meeting" with the undersigned to address "matters involving this Nation's Security and the prosperity and wellbeing of the Sovereign People." This *motion* [dkt 141] is **denied** because the motion fails to identify a legitimate subject for the "meeting" and fails to identify why any such "meeting" should be conducted outside the present of the United States' representatives or in a proceeding not open to the public.

### IX.

The *motion* filed by the defendant docketed as No. 147 contains the defendant's denial that he is the person named as defendant herein or referred to in various statutes and his assertion that he is "in propria persona, proceeding, sui juris." As to the first statement, it will be the United States' burden at trial to prove the elements of the offenses charged. The court does not find that this first statement casts doubt on the person identified as the defendant, Brent Swallers, as the person the United States intends to charge and prosecute in this case. (The court does not find anything perplexing or subtle about the term "person" at this point.) As to the second statement, it is an assertion not about identity, but about status in the proceeding. The phrase the defendant has claimed in his second statement means "being in my own proper person." This is a term which "refer[s] to a litigant who appears before the court on his own behalf, without an attorney." *Liebig v. Kelley–Allee,* 923 F.Supp. 778, 778 n.1 (E.D.N.C. 1996). This is a corollary to the defendant having validly waived his Sixth Amendment right to be represented by counsel at public expense. The second statement is thus neither more nor less than the defendant's characterization of the defendant representing himself in this case, without representation by counsel.

The foregoing filing has been docketed as a motion. For the reasons just explained, any relief which that document [dkt 147] can be construed as seeking is **denied.**

IT IS SO ORDERED.

Date:     11/16/2016

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brent Swallers
Henderson County Detention Center
Inmate Mail/Parcels
P. O. Box 979
Henderson, KY 42419

Electronically Registered Counsel